```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JIMMY CHERAMIE                                    CIVIL ACTION

VERSUS                                            NO. 12-0147

N. BURL CAIN, WARDEN                              SECTION "C"(5)
```

### ORDER AND REASONS

Before the Court is petitioner's motion to reconsider its judgment denying writ of habeas corpus because his objections did not reach the court before the deadline. Rec. Doc. 16. For the following reasons, the Court accepts Mr. Cheramie's objections as timely filed. However, upon re-consideration of the petition for habeas corpus relief, in light of the objections, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, the Court finds that it is still appropriate to approve the Report and Recommendation of the United States Magistrate Judge and adopt it as its opinion in this matter. Therefore, the Court does not vacate the judgment and still denies the issuance of a writ of habeas corpus under 28 U.S.C. §2254 with prejudice.

### A. Objections

Petitioner Jimmy Cheramie, who is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, brings his petition for a writ of habeas corpus as a prisoner representing himself (*pro se*). The Magistrate Judge's Report and Recommendations were approved when the Court believed petitioner had failed to file an objection to the Report and Recommendations within 14 days after being served with a copy. Rec. Doc. 12.  If the prisoner had failed to file any objections before the 14-day deadline, he would have been barred from attacking on appeal the unobjected-to proposed factual findings and legal conclusions that this district court has accepted in the Report and Recommendation except on grounds of plain error. 28 U.S.C. §636(b)(1); *Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). In the present motion, petitioner asks the Court to reconsider its judgment denying writ of habeas corpus because he had actually objected to the Magistrate Judge's Report and Recommendations in a timely manner. Rec. Doc. 16.

Petitioner claims his objections were timely because he delivered them to classification officer Mr. Duncan within the 14-day time period, on January 24, 2013, and Mr. Duncan did not mail the objections on the same day they were given to him. *Id.*  For a *pro se* petitioner that is incarcerated, the time of filing is considered the time a prison official receives objections to be mailed to the court. *United States v. Petty*, 530 F.3d 361, 363 n.1

(5th Cir. 2008). In support of petitioner's assertion that he timely filed objections, petitioner provides a copy of "Offender's request for legal mail." *Id.* Offender's request for legal mail is dated January 24, 2013. The Court finds this to be proof that petitioner's objections were timely filed on January 24, 2013 within 14-days of notice of being served a copy of the Report and Recommendation and accepts the objections to the Report and Recommendation.

### B. Approval of the Report and Recommendation

Petitioner raises four objections to the Report and Recommendation: (1) that petitioner has a *Strickland* claim for ineffective assistance of appellate and trial counsel because his attorney did not properly argue at trial that witness Tony Dardar was misidentifying him, *Strickland v. Washington*, 466 U.S. 668 (1984); (2) that the trial court exceeded its jurisdiction by allowing charges to be brought against petitioner with a fatally defective bill of information that misled petitioner and did not clarify that petitioner was charged with a violent offense; (3) that the jury was not made aware of the witness' plea agreement with the prosecution; and (4) that petitioner's sentence was unconstitutional because it was excessive. Rec. Doc. 15. The Magistrate Judge's Report and Recommendation carefully detailed why the Court cannot grant relief on any of the four objections raised by petitioner. Rec. Doc. 11.

Petitioner contends that it was impossible for him to fit the description given by witness Tony Dardar and that his Fourteenth Amendment right to a fair trial was deprived due to his trial counsel's failure to defend against this claim. Petitioner claims he was acquitted of Counts 4 and 5 of the Bill of Information because trial counsel demonstrated to the jury that he had been misidentified by Spree Dunn and that trial counsel should have made the same argument against witness Dardar's identification. Rec. Doc. 15, p. 9.  This court's review is limited to claims adjudicated in state court that are contrary to or an unreasonable application of clearly established federal law. *Penry v. Johnson*, 215 F.3d 504, 507 (5th Cir. 2000) (*quoting Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000), *aff'd in part, rev'd in part on other grounds*, 532 U.S. 782 (2001). Counsel's strategy in litigating this case is not appropriate for review by this Court.  The Report and Recommendation also made clear the court's response to petitioner's misidentification claims. *See* Rec. Doc. 11, pp. 9-11.

The Court also finds that petitioner's second claim may not be addressed by this court.  Petitioner claims the Bill of Information is "defective and invalid because it is vague, ambiguous and lacks the essential elements of the crime charged." Rec. Doc. 15, p. 15. Even if the Court found that to be the case, which it does not, the Magistrate Judge has explained that a state charging instrument may

not be reviewed for federal habeas relief unless it is so defective that it deprives the state court of jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.), *reh'g granted in part on other grounds sub nom*. Rec. Doc. 11, p. 18.  Here, that is not the case.

Petitioner also claims the prosecution withheld exculpatory or impeachment evidence by not disclosing witness Storm Dantin's plea agreement to the jury. Rec. Doc. 15, p. 23.  To the contrary, the Court finds that Dantin was asked about his agreement and revealed it during testimony. Mr. Cheramie cites to the testimony that revealed the agreement. *Id.*  The credibility of the witness based on his certainty about the agreement, or the fact that his memory needed to be refreshed about it, is a determination properly left to the jury.   While this is an appropriate argument to make before the Court, the Court does not find that there has been a *Brady* violation. *Brady v. Maryland*, 373 U.S. 83 (1963).

Lastly, as properly stated by the Magistrate Judge, the duration of Mr. Cheramie's sentence cannot be reviewed by this Court in so far as it was excessive under Louisiana law and not a violation of federal constitutional law. *Naraiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). The sentences imposed, both in length and in running concurrently, do not violate the Eight Amendment. *Solem v. Helm*, 463 U.S. 277, 284 (1983).

The Court continues to approve the Report and Recommendation of the United States Magistrate Judge and adopts it, with the above additions in concurrence with it, as its opinion in this matter.

Accordingly,

IT IS ORDERED that petitioner's motion to reconsider judgment denying writ of habeas corpus is GRANTED.

IT IS FURTHER ORDERED, upon reconsideration, that the petition of Jimmy Cheramie for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED WITH PREJUDICE.

New Orleans, Louisiana, this 8th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE